UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | | |
|---|---|---|
| JAMES R. BRANN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:10-cv-1046 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| WILLIAM ROCK, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |
| | ) | |

This is a civil action brought by a *pro se* plaintiff against his landlord. Plaintiff's complaint alleges that the defendant landlord locked plaintiff out of his house on September 10, 2010, and kept possession of all his belongings. Plaintiff seeks damages for the allegedly illegal eviction and the value of the belongings that were taken from him. The claim for damages is based upon an alleged due-process violation by defendant.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations.

490 U.S. at 325. A complaint's factual allegations must be enough to raise a right to relief above the speculative level and state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Campbell v. BNSF Ry. Co.*, 600 F.3d 667, 677 (6th Cir. 2010). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I conclude that plaintiff has not stated a claim that falls within this court's subject-matter jurisdiction. The complaint should therefore be dismissed for lack of jurisdiction.

## Discussion

The federal courts are courts of limited jurisdiction. *Metro Hydroelectric Co. v. Metro Parks*, 541 F.3d 605, 610 (6th Cir. 2008). In general, the federal district courts may hear and determine cases between citizens of different states and involving the requisite amount in controversy, 28 U.S.C. § 1332(a), and cases arising under the federal Constitution or laws, 28 U.S.C. § 1331. There is no possibility of plaintiff's invocation of this court's diversity jurisdiction in the present case, as plaintiff identifies himself and defendant as residing in the State of Michigan. The only other basis for federal court jurisdiction is a plaintiff's allegation of a colorable claim against defendant arising under federal law.

The only federal claim alleged in the complaint is a violation of plaintiff's due-process rights by defendant. By reason of the Fifth Amendment, the federal government is prohibited from depriving a person of life, liberty, or property without due process of law; this due-process guarantee was extended to state actions by the Fourteenth Amendment. Plaintiff does not

allege, however, that defendant was acting on behalf of the federal government or that the defendant

landlord was acting under color of state law. The Due Process Clause applies only to acts of the state

or federal government, not to private persons. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982).

Simply put, the Due Process Clause does not apply to any harm inflicted by purely private actors.

*See May v. Franklin County Comm'rs*, 437 F.3d 579, 583 (6th Cir. 2006). Plaintiff may have a state-

law tort claim against his landlord for wrongful eviction, but he has no claim under the federal Due

Process Clause.

## Recommended Disposition

Plaintiff's complaint fails to allege a claim falling within this court's subject-matter

jurisdiction. I therefore recommend that the complaint be dismissed, without prejudice to plaintiff's

ability to seek redress in the appropriate state court.


Dated:  November 3, 2010                       /s/  Joseph G. Scoville
                                               United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within
fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All
objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file
timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas
v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129
S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General
objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*,
454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).